UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Jeffrey Jordan**

    **v.**                           Civil No. 06-cv-222-PB
                                   Opinion No. 2007 DNH 005

**Verizon Services Corp.**

## MEMORANDUM AND ORDER

Jeffrey Jordan appeals a decision of the New Hampshire Department of Labor (the "Department") rejecting his state law wage claim as preempted by § 301 of the federal Labor Management Relations Act ("LMRA").[1] Verizon Services Corp.[2] has filed a motion for summary judgment seeking dismissal of Jordan's petition. For the reasons set forth below, I grant Verizon's motion.

## I. BACKGROUND

Jordan, an employee at Verizon's Manchester, New Hampshire place of business, is the beneficiary of a collective bargaining

---

[1] Section 301 of the LMRA is codified at 29 U.S.C. § 185.

[2] Jordan's direct employer, Verizon New England, Inc., owns 50 percent of Verizon Services Corp., the named defendant in this action. Hereinafter, I refer to both entities collectively as "Verizon."

agreement ("CBA") between Verizon and his union, the International Brotherhood of Electrical Workers ("IBEW").  In December 2003, Jordan was arrested for improperly handling firearms in a motor vehicle while he was vacationing in Ohio.  Before he returned to New Hampshire, his supervisor suspended him indefinitely without pay.  Verizon then terminated Jordan effective January 7, 2004.

The IBEW subsequently arbitrated Jordan's termination pursuant to the CBA.  On February 9, 2005, while the arbitration was pending, Jordan filed a wage claim with the Department pursuant to N.H. Rev. Stat. Ann. § 275:44[3], alleging that Verizon owed him $5,275.60 in vacation pay for 2004.  On October 5, 2005, the arbitrator ordered Jordan reinstated and awarded him $124,594.06 in back pay.[4]  On November 9, 2005, after learning of

---

[3] RSA § 275:44 provides in pertinent part:

> I. Whenever an employer discharges an employee, the employer shall pay the employee's wages in full within 72 hours.
> . . .
> IV. If an employer willfully and without good cause fails to pay an employee wages as required under paragraph[] I . . . of this section, such employer shall be additionally liable to the employee for liquidated damages. . . .

[4] It is unclear whether this arbitration award was intended to cover his claim for vacation pay from 2004.

the arbitration award, the Department dismissed Jordan's wage claim as moot, holding that the arbitration had resolved all matters relating to Jordan's termination.

Jordan filed another claim with the Department on December 15, 2005 seeking liquidated damages for the vacation pay pursuant to N.H. Rev. Stat. Ann. § 275:44(IV).  On April 20, 2006, the Department dismissed Jordan's liquidated damages claim, reasoning that it was preempted by § 301 of the LMRA.  Jordan now appeals this dismissal.

### III. ANALYSIS

"Section 301 preempts a state-law claim 'if the resolution of [that] claim depends on the meaning of a collective-bargaining agreement.'"  Flibotte v. Pennsylvania Truck Lines, Inc., 131 F.3d 21, 26 (1st. Cir. 1997) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988); see also 29 U.S.C. § 185.  A state law claim "depends upon the meaning" of a collective bargaining agreement if "its resolution arguably hinges upon an interpretation of the collective bargaining agreement."  Id.

Here, Verizon argues that Jordan's claim is preempted by § 301 of the LMRA because its resolution hinges upon an

interpretation of Jordan's CBA.  I agree.  Jordan's wage claim turns on whether he is owed vacation pay for 2004--a year in which he did not work.  It is unclear from the face of Jordan's CBA whether he was entitled to vacation pay for 2004 despite the fact that he did not actively work during that time period.  Thus, resolution of Jordan's wage claim necessarily involves an interpretation of the vacation pay provisions in Jordan's CBA.  Accordingly, I hold that Jordan's wage claim is preempted by § 301 of the LMRA.

### IV. CONCLUSION

For the reasons set forth herein, I grant Verizon's motion for summary judgment (Doc. No. 12).  The clerk is instructed to enter judgment accordingly.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 11, 2007

cc:  Penny Sue Dean, Esq.
     Arthur Telegen, Esq.
     Steven Hengen, Esq.